UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAMUEL SMALL,

                           Plaintiff,

      v.                                                              9:18-CV-0740
                                                                    (DNH/CFH)

D. VENETTOZZI, Director of S.H.U.,
J. INNISS, Deputy Superintendent of
Security, CO K. ELLSWORTH, CO
W. IHBURG, CO J. GORI, CO K.
GEORGE, and CO A. Derepetigny,

                           Defendants.

---

APPEARANCES:

SAMUEL SMALL
10-A-5250
Plaintiff, pro se
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. <u>INTRODUCTION</u>

     Pro se plaintiff Samuel Small ("Small" or "plaintiff") commenced this action by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 6 ("IFP Application").

     By Decision and Order filed August 15, 2018, Small's IFP Application was granted but,

following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of plaintiff's claims and some of the named defendants were dismissed without prejudice. Dkt. No. 9 (the "August 2018 Order"). The August 2018 Order directed service and a response for the claims that survived sua sponte review.

Among the claims that survived review were Small's Fourteenth Amendment due process claims against defendants Innis and Venettozzi. Those claims arose out of a disciplinary determination in which plaintiff alleged he was subjected to "mixed sanctions" affecting both the duration of his confinement (i.e., the recommended loss of good time) and the conditions of his confinement. Dkt. No. 9 at 20-22, 27-28.

Because Small had not demonstrated that the disciplinary determination had been invalidated, the August 2018 Order concluded that plaintiff's due process claims against defendants Innis and Venettozzi were barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), unless plaintiff was " willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement." *See id.* at 26-27 (citing *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006)).

Accordingly, the August 2018 Order directed Small to submit a so-called a "*Peralta* Waiver" within thirty (30) days of the filing date of the August 2018 Order if he was interested in pursuing his due process claims against defendants Innis and Venettozzi. Dkt. No. 9 at 30-32. Presently under consideration is a submission from plaintiff in response to the August 2018 Order entitled "Motion to file a Peralta Waiver." *See* Dkt. No. 12 ("*Peralta* Submission").[1]

---

[1] Plaintiff's deadline to file his *Peralta* waiver was extended on September 17, 2018, by sixty (60) days. *See* Dkt. No. 11.

## II. DISCUSSION

As noted, the August 2018 Order advised Small that in order for him to proceed with his due process claims against defendants Innis and Venettozzi, he must first submit a "*Peralta* Waiver" in which he "waives for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement." August 2018 Order at 27, 31-32; *see also McEachin v. Selsky*, 225 F. App'x 36, 37 (2d Cir. 2007) (where an inmate brings a "mixed sanction" claim, the district court must provide the inmate with the option to "waive all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with claims challenging the sanctions affecting the conditions of his confinement.").

Small's *Peralta* Submission states as follows: "Plaintiff is filing a [ ] Peralta Waiver [ ], I ask the Court to remove the disciplinary sanctions arising out of the August 2016 disciplinary disposition that affected the duration of my confinement, and the recommended loss of my good time, and all the due process claims relating to the August 2016 [ ] disciplinary disposition and appeal, and any thing the Court ask me to waive, let this motion comply with the Court Order. . . . [T]he Appellate Court has not made a decision on my disciplinary brief, and the 60-day[ ] deadline is coming to an end." Dkt. No. 12 at 1.

The Court cannot accept this submission as a valid *Peralta* waiver. Even mindful of Small's pro se status and clear intent to "comply with the [August 2018] Order[,]" the submission does not include a <u>clear and unequivocal statement</u> that plaintiff "waives for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the

3

sanctions affecting the conditions of his confinement" as required by the August 2018 Order.

Instead, the submission asks only that the Court "remove . . . any thing the Court ask[ed] [plaintiff] to waive[.]"  In addition, the submission expressly references a decision plaintiff is awaiting from "the Appellate Court" relating to the disciplinary sanctions arising out of the August 2016 disciplinary determination that affect the duration of his confinement.

Based on the absence of the express waiver language identified as necessary in the August 2018 Order, and on Small's reference to a pending proceeding challenging the August 2016 disciplinary determination to the extent it impacted the duration of his confinement, the Court declines to accept plaintiff's *Peralta* Submission as a satisfactory *Peralta* Waiver at this time.

However, in light of his pro se status, Small is hereby afforded a second opportunity to submit the required *Peralta* Waiver if he wishes to proceed with his Fourteenth Amendment due process claims against defendants Innis and Venettozzi arising out of his disciplinary proceeding.  As advised in the August 2018 Order, the *Peralta* Waiver must clearly and unequivocally state that

> plaintiff waives for all times all claims in this action relating to disciplinary sanctions arising out of the August 2016 disciplinary disposition affecting the duration of his confinement (recommended good time loss) in order to proceed with his claims against defendants Innis and Venettozzi challenging the sanctions affecting the conditions of his confinement.

*See* August 2018 Order at 25-28, 31-32.

Small is advised that in the event a proper *Peralta* Waiver is not filed **within thirty (30) days** of the filing date of this Decision and Order, defendants Innis and Venettozzi and the due process claims against them will be dismissed without prejudice in accordance with *Heck*

4

*v. Humphrey*, 512 U.S. 477.[2]

As noted in the August 2018 Order, in the event Small fails to timely file the required *Peralta* Waiver, he will be deemed to have refused to waive the claims relating to disciplinary sanctions arising out defendant Innis's August 2016 disciplinary disposition affecting the duration of his confinement (recommended good time loss), and the due process claims relating defendant Innis's disciplinary disposition and the appeal to defendant Venettozzi shall be dismissed without prejudice in their entirety. *See* August 2018 Order at 27-28.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's "Motion to file a Peralta Waiver" (Dkt. No. 12) is **DENIED without prejudice** as unclear;

2. Plaintiff is afforded a second and final opportunity to file the *Peralta* Waiver required by the August 2018 Order if he wishes to proceed in this action with his Fourteenth Amendment due process claims against defendants Innis and Venettozzi challenging the disciplinary sanctions affecting the conditions of his confinement;

3. Plaintiff must file his *Peralta* Waiver **within thirty (30) days** of the date of this Decision and Order;

4. Upon plaintiff's filing of the *Peralta* Waiver, and in all events, at the expiration of the **thirty (30) day** period from the filing date of this Decision and Order, the Clerk shall return

---

[2] The dismissal of this claim would be without prejudice. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (stating that dismissal under *Heck* is without prejudice and that, if the plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, he may reinstate his suit).

the file to the Court for further review;[3] and

     5. The Clerk shall serve a copy of this Decision and Order on the plaintiff.

     IT IS SO ORDERED.

Dated: December 3, 2018
       Utica, New York.

_____
United States District Judge

---

[3]